NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3163-15T2

RICHARD D. ZOCHOWSKI,
as 50% shareholder
in Zachmar, Inc.,

 Plaintiff-Respondent,

v.

T. ROBERT ZOCHOWSKI,
as 50% shareholder in
Zachmar, Inc. and Zachmar,
Inc., a New Jersey Corporation,

 Defendants-Appellants.
_________________________________

 Submitted August 30, 2017 – Decided September 7, 2017

 Before Judges Rothstadt and Vernoia.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Monmouth County,
 Docket No. C-349-03.

 T. Robert Zochowski, appellant pro se.

 McKenna, DuPont, Higgins & Stone, attorneys
 for respondent (Edward G. Washburne, on the
 brief).

PER CURIAM

 In an unpublished decision, we previously remanded to the

Chancery Division this "dispute between two brothers regarding the
sale of real estate owned by their closely held corporation" for

a hearing as to "the distribution of [a] forfeited deposit and

plaintiff's purported misuse of corporate funds to pay legal fees."

Zochowski v. Zochowski, No. A-5841-13 (App. Div. Nov. 2, 2015)

(slip op. at 1, 6). On remand, the Chancery judge conducted a

plenary hearing at which plaintiff Richard Zochowski and defendant

T. Robert Zochowski testified and offered numerous documents that

were admitted into evidence.

 Defendant appeals from the Chancery judge's February 22, 2016

order that rejected his claim about the distribution of the

forfeited funds; required plaintiff to reimburse defendant for a

portion of the legal fees he paid using corporate funds; and denied

defendant any other relief based on the judge's finding that

plaintiff did not intentionally violate court orders that required

him to keep defendant updated as to the sale of the company's real

estate. On appeal, defendant argues that the judge abused her

discretion by finding that the parties' stock transfer agreement

was "unclear and ambiguous"; erred by finding plaintiff owed only

one half of $12,176 in legal fees paid from corporate funds,

instead of one-half of $16,441; incorrectly failed to award legal

fees; and mistakenly failed to recognize that plaintiff "breached

his fiduciary duty and obli[g]ation to [the corporation] and

[defendant]." We disagree and affirm.

 2 A-3163-15T2
 We need not set forth at length again the history of this

family dispute that dates back to 2003 as we have previously

provided those details in our three earlier unpublished decisions.

See id. at 2-7; Zochowski v. Zochowski, No. A-4375-06 (App. Div.

Mar. 27, 2008) (slip op at 3-7); Zochowski v. Zochowski, No. A-

5930-05 (App. Div. Aug. 1, 2007) (slip op. at 1-3). Instead, we

begin by summarizing the Chancery judge's decision.

 After considering the testimony and evidence adduced at the

remand hearing, the judge placed her comprehensive findings of

fact and conclusions of law on the record before entering the

order under appeal. Turning first to defendant's claim that the

forfeited deposit was not distributed in accordance with the

parties' agreement, the judge found that although the parties'

parents agreed to a transfer of their shares in the family

corporation to their two sons, through an October 1986 amendment

to the family's September 1985 stock purchase agreement, the

parents reserved the right to share equally with their sons in any

proceeds from the sale of corporate assets during the parents'

lives, even though they no longer owned any stock. The 1985

agreement provided that upon the death of either parent, the

proceeds would be distributed equally among the surviving spouse

and the brothers. The 1986 amendment, prepared by defendant,

 3 A-3163-15T2
provided that if either parent died, the surviving parent would

receive the decedent's share.

 The parties' father died in 2001. In 2006, the corporation

entered into a contract for the sale of certain real estate. The

purchaser paid a $75,000 deposit and then cancelled the contract,

forfeiting the deposit. Plaintiff retained for the corporation

twenty percent of the deposit for its reserves and distributed the

balance in accordance with the 1986 amendment to the stock purchase

agreement, fifty percent to his mother and twenty-five percent to

his brother and to himself.

 Defendant argued to the Chancery judge that the deposit was

not a sale as contemplated by the amendment to the stock purchase

agreement.1 The judge concluded that it was, finding that the

agreement was ambiguous because it did not define a deposit towards

the sale of corporate asset as being the same as proceeds or "net

monies" from an actual sale. The judge concluded that the parties'

intended that "[w]hile the term sold is used and technically there

was never a sale, the forfeited deposit was part of a proposed

sale" and was properly distributed by plaintiff in accordance with

the amendment.

1
 On appeal, defendant acknowledges that had the sale been
completed, the plaintiff's distribution of the proceeds would have
been proper and consistent with parties' agreement, as was done
when they sold off a different property owned by the company.

 4 A-3163-15T2
 Next, the judge addressed defendant's claim that plaintiff

had violated earlier court orders by using corporate funds to pay

legal fees associated with the brothers' litigation. The judge

identified the August 29, 2008 order that prohibited plaintiff

from paying those fees going forward and preserved defendant's

claim regarding any fees already paid. The judge described her

detailed review of the legal bills paid by plaintiff after entry

of the earlier order, found that they totaled $12,716, and

concluded that defendant was entitled to one half that amount

because the payments were made in contravention of the earlier

order. As to legal bills paid before the entry of the 2008 order,

the judge found that the earlier bills "clear[ly] . . . relate[d]

to the sale of the [company's] property" and not to the parties'

dispute or litigation, and therefore defendant was not entitled

to any reimbursement.

 The judge then considered defendant's claim that plaintiff

failed to keep him notified about the sale of company assets. The

judge disagreed after detailing the various methods by which

defendant was given regular access to all required available

information over the years. The judge concluded there was no

violation of the orders and that no sanctions were warranted.

 Finally, the judge rejected defendant's claim for counsel

fees associated with the present proceedings. She denied the

 5 A-3163-15T2
application after recognizing her authority to award fees under

Rule 1:10-3, but finding "there was no willful failure to comply"

with any order.

 The scope of our review of a judgment entered in a non-jury

case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J.

150, 169 (2011). "[W]e do not disturb the factual findings and

legal conclusions of the trial judge unless we are convinced that

they are so manifestly unsupported by or inconsistent with the

competent, relevant[,] and reasonably credible evidence as to

offend the interests of justice[.]" Ibid. (second alteration in

original) (quoting In re Trust Created By Agreement Dated Dec. 20,

1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). "[I]n reviewing

the factual findings and conclusions of a trial judge, we are

obliged to accord deference to the trial court's credibility

determination[s] and the judge's 'feel of the case' based upon his

or her opportunity to see and hear the witnesses." N.J. Div. of

Youth & Family Servs. v. R.L., 388 N.J. Super. 81, 88 (App. Div.

2006) (quoting Cesare v. Cesare, 154 N.J. 394, 411-13 (1998)),

certif. denied, 190 N.J. 257 (2007). "Findings by the trial judge

are considered binding on appeal when supported by adequate,

substantial and credible evidence," and "should not be disturbed

unless . . . they are so wholly insupportable as to result in a

denial of justice." Rova Farms Resort, Inc. v. Inv'rs Ins. Co.

 6 A-3163-15T2
of Am., 65 N.J. 474, 483-84 (1974) (alteration in original)

(citations omitted). However, we owe no special deference to the

judge's legal conclusions. Manalapan Realty, L.P. v. Twp. Comm.

of Manalapan, 140 N.J. 366, 378 (1995). "When deciding a purely

legal issue, review is de novo." Kaye v. Rosefielde, 223 N.J.

218, 229 (2015) (quoting Fair Share Hous. Ctr., Inc. v. N.J. State

League of Municipalities, 207 N.J. 489, 493 n.1 (2011)).

 We review a trial judge's decision to award or withhold Rule

1:10-3 counsel fees for an abuse of discretion. Under the Rule,

a party may seek enforcement of an unstayed order, and "[t]he

court in its discretion may make an allowance for counsel fees to

be paid by any party to the action to a party accorded relief

under this rule." R. 1:10-3. The decision to award fees under

the Rule is not automatic. It "only applies to parties who

willfully fail to comply" with a court's order. Hynes v. Clarke,

297 N.J. Super. 44, 57 (App. Div. 1997). The award is a

discretionary decision. Chalom v. Benesh, 234 N.J. Super. 248,

262 (Law Div. 1989). Among the factors a trial court may consider

are: "the reasons for, and necessity of, making the application;

the conduct of the parties; the result achieved; the reasonableness

of the fee; and the danger to the integrity of R[ule] 4:42-9 if

fees are awarded." Ibid.

 7 A-3163-15T2
 Guided by these standards, we find defendant's contentions

to lack sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E). The Chancery judge's lengthy,

detailed decision, which resulted in the order challenged here,

is supported by sufficient credible evidence, is legally correct,

and demonstrates a proper exercise of the judge's discretion. We

therefore affirm substantially for the reasons expressed by the

Chancery judge in her thorough oral decision.

 Affirmed.

 8 A-3163-15T2